[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12992
Non-Argument Calendar

_____

BIA No. A96-437-613

MESBAH UDDIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 14, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Mesbah Uddin appeals from an order of the Board of Immigration Appeals

("BIA") denying his motion to reconsider the BIA's affirmance of the immigration

judge's ("IJ's") denial of his motion to reopen his removal proceedings. The BIA denied Uddin's motion to reconsider on the grounds that he did not present additional legal arguments, changes of law, or arguments or aspects of the case that were previously overlooked. We dismiss the petition in part and deny it in part.

As an initial matter, we note that the instant petition for review, which was filed on May 25, 2006, is untimely as to BIA's underlying order affirming the denial of Uddin's motion to reopen, as the petition for review was not filed within 30 days of the BIA's December 12, 2005 order. See 8 U.S.C. § 1252(a)(1), (b)(1). This deadline is not suspended or tolled by the filing of a motion for reconsideration or a motion to reopen removal proceedings." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005) (citing Stone v. INS, 115 S. Ct. 1537, 1549 (1995) (construing the former 90-day period for filing a petition for review under former 8 U.S.C. § 1105a(6)). Because the statutory time limit is "mandatory and jurisdictional," we lack jurisdiction to consider the BIA's affirmance of the IJ's denial of Uddin's motion to reopen and we can review only the BIA's denial of reconsideration of that affirmance. Stone, 115 S. Ct. at 1549 (1995). Accordingly, we dismiss the petition for review as to the BIA's underlying order affirming the denial of Uddin's motion to reopen.

Uddin asserts the BIA erred by denying his motion to reconsider the BIA's affirmance of the denial of his motion to reopen. A petitioner alleging errors of

2

fact or law may file a motion to reconsider with the BIA. See 8 C.F.R. § 1003.2(b). The BIA has explained that a motion to reconsider "is a request that the [BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." Matter of Cerna, 20 I&N Dec. 339, 405 n.2. However, such motions are disfavored in removal proceedings because, "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Cf. INS v. Doherty, 502 U.S. 314, 323 (1992) (motions to reopen). Thus, we review the BIA's denial of such a motion for an abuse of discretion only. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

Here, in denying Uddin's motion to reconsider, the BIA explained that the motion did not present sufficient additional legal arguments, changes of law, or arguments or aspects of the case that were previously overlooked to merit reconsideration. After review of the record, with particular attention to the motion for reconsideration, we discern no abuse of discretion in the BIA's conclusion that Uddin's motion did not meet the controlling standard under 8 C.F.R. § 1003.2(b). Accordingly, we cannot say the BIA's order constituted an arbitrary or capricious

exercise of administrative discretion. <u>Garcia-Mir</u>, 766 F.2d at 1490.  Accordingly,

we deny the petition for review of the motion to reconsider.

**DISMISSED IN PART AND DENIED IN PART.**